OPINION
Defendant-appellant Julie Earnest appeals from the July 11, 2000, Order of the Knox County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Appellant Julie Earnest sold a 1993 Ford Probe to Brian Perkins, her brother. On September 25, 1996, Perkins was involved in a motor vehicle accident while operating the Ford Probe. As a result, on September 18, 1998, Duane Baldwin and his wife, Rosemary, filed a complaint against both Perkins and Earnest in the Knox County Court of Common Pleas. The complaint was signed by appellee Bradley Koffel, the Baldwins' counsel. The Baldwins, in their complaint, alleged that Perkins had negligently operated the Ford Probe and also that appellant had negligently entrusted the same to Perkins. Since Perkins had failed to transfer title to the Ford Probe into his own name, at the time of the accident, the vehicle was still registered in appellant's name.
Pursuant to a letter dated October 15, 1998, appellant's counsel informed appellee Bradley Koffel, the Baldwins' counsel, that appellant had "sold the car to her brother [Perkins] who just did not pop the title" and that appellant had canceled her insurance coverage for the vehicle after Perkins procured insurance for the same. For such reason, appellant's counsel demanded that appellant be immediately dismissed as a party. Thereafter, an answer was filed by appellant on October 19, 1998. However, as memorialized in a letter dated October 22, 1998, appellee declined to dismiss appellant as a party since the police report taken on the day of the accident listed appellant as the proper owner of the Ford Probe. Via a letter dated October 27, 1998, appellant's counsel once again contested liability.
Subsequently, a Motion for Summary Judgment was filed by appellant on October 1, 1999. Attached to such motion was an affidavit signed by appellant in which appellant stated that she had sold the Ford Probe to Perkins prior to the date of the accident, that Perkins was a competent driver and that she did not entrust the vehicle to Perkins on the date of the accident. Also attached to the motion was a promissory note dated August 26, 1996, indicating that Perkins had obtained financing to purchase the 1993 Ford Probe and a copy of an Allstate Insurance print-out indicating that the automobile insurance policy procured by Perkins became effective August 27, 1996. A memorandum in opposition to the Motion for Summary Judgment was filed by the Baldwins on October 19, 1999. On the same date, the Baldwins filed a motion asking the trial court to defer ruling on the Motion for Summary Judgment since "further discovery will disclose information crucial to a full, fair resolution of Plaintiff's [the Baldwins] negligent entrustment claim against this Defendant [appellant Earnest]."
A pretrial hearing was held on October 25, 1999. Appellant's deposition was taken on the same date. Subsequently, pursuant to a Judgment Entry filed on December 21, 1999, the trial court granted appellant's Motion for Summary Judgment and dismissed the action against appellant. Two days later, a notice of voluntary dismissal of appellant without prejudice was filed pursuant to Civ. R. 41(A)(1).
On January 10, 2000, appellant filed a motion seeking sanctions against the Baldwins, and appellee, their attorney, pursuant to R.C. 2323.51 and Civ.R. 12. Appellant, in her motion, sought a total of $2,800.00 in attorney fees. Of the $2,800.00, $1,500.00 was for preparation of the Motion for Summary Judgment, $150.00 was for preparation of a pretrial statement that was filed on October 19, 1999, $400.00 was for travel from Columbus to the October 25, 1999, pretrial in Mount Vernon, $450.00 was for attendance at the pretrial/deposition on October 25, 1999, and $300.00 was for the preparation of the Motion for Sanctions. A "Stipulation for Dismissal and Judgment Entry" dismissing the case with prejudice also was filed on January 10, 2000.
On January 27, 2000, a memorandum in opposition to appellant's Motion for Sanctions was filed to which appellant filed a reply on February 7, 2000.
Thereafter, a hearing on appellant's Motion for Sanctions was held on June 7, 2000. Pursuant to a Judgment Entry filed on June 20, 2000, the trial court found that appellee Bradley Koffel, the Baldwins' counsel, had engaged in frivolous conduct as set forth in R.C. 2323.51(A)(2)(a)(i) and (iii) and that appellant was entitled to an award of attorney fees. The trial court, in its entry further ordered appellee to pay appellant $750.00 as and for attorney fees. At the time of the hearing, appellant's attorney fees for legal work performed from preparation of the Motion for Summary Judgment forward totaled $4,175.00.
Appellant, on June 26, 2000, filed a Motion for Findings of Fact and Conclusions of Law pursuant to Civ.R. 52 to determine how the trial court had arrived at the figure of $750.00 in attorney fees. The trial court, on July 11, 2000, rendered an order including Findings of Fact and Conclusions of Law which mirrored the language contained in the trial court's June 20, 2000, Judgment Entry.
It is from the trial court's July 11, 2000, Order that appellant now prosecutes her appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO FOLLOW THEMANDATES OF O.R.C. 2323.51 AND TO GRANT APPROPRIATE AND REASONABLE ATTORNEY FEES SUBSEQUENT TO A FINDING THAT FRIVOLOUS CONDUCT HAS OCCURRED.
Appellee cross-appealed, raising the following assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT COUNSEL ENGAGED IN FRIVOLOUS CONDUCT.
However, appellee's cross-appeal was withdrawn at the oral argument in this matter.
 I
Appellant, in her sole assignment of error, argues that the trial court erred in failing to follow the mandates of R.C. 2323.51 by failing to grant appropriate and reasonable attorney fees to appellant subsequent to a finding that appellee Bradley Koffel, the Baldwins' counsel, had engaged in frivolous conduct. Appellant specifically contends that the trial court erred in only awarding appellant $750.00 in attorney fees, which is one-half the amount appellant paid for preparation of the Motion for Summary Judgment, and "award[ing] nothing for the other work done by counsel to secure sanctions." While appellant, in her Motion for Sanctions, had requested a total of $2,800.00 in attorney fees, through the date of the hearing, appellant's attorney fees totaled $4,175.00. Such figure represents attorney fees incurred by appellant from the preparation and filing of the Motion for Summary Judgment through the hearing on appellant's Motion for Sanctions.
R.C. 2323.51(B)(1) provides that a court may award "reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct." The amount of an award of attorney fees is that amount "reasonably incurred by a party." R.C.2323.51(B)(3)(b). A trial court's decision to grant or to deny a request for attorney fees will not be disturbed absent an abuse of discretion.Lewis v. Celina Financial Corp. (1995), 101 Ohio App.3d 464. An abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Upon our review of the record, we find that the trial court abused its discretion in awarding appellant only $750.00 in attorney fees since such decision was unreasonable. Although, at the June 7, 2000, hearing in this matter, appellant's counsel submitted a copy of the bill that was sent to appellant for work he performed beginning with the summary judgment, appellant's counsel failed to submit to the trial court contemporaneous itemized time records outlining the specific amount of time he spent on each motion. However, at the hearing, appellant's counsel testified that his bill was based on fees of $200.00 per hour for office work and $250.00 per hour for court time. Appellant's counsel also testified that he spent seven and one-half hours preparing the Motion for Summary Judgment, which he typed himself, and that he charged appellant for typing time. In total, appellant's counsel charged appellant a total of $1,500.00 for preparation of the Motion for Summary Judgment. When questioned, appellee testified that a reasonable amount of time for the Motion for Summary Judgment, which contained some boiler plate language, was "two hours, max." Transcript at 38.
Upon our review of the same, we find that two hours is a reasonable amount of time spent in preparation of appellant's Motion for Summary Judgment. Thus, based on an hourly rate of $200.00 per hour, the trial court should have awarded appellant $400.00 ($200.00 per hour x 2 hours) in attorney fees for summary judgment preparation although appellant sought a total of $1,500.00 for the same. We further find that the trial court should have awarded appellant all of the attorney fees she incurred relating to her Motion for Sanctions which, in this case, total $1,425.00[1]. However, with respect to the remaining $1,250.00 in attorney fees sought by appellant, it is significant to note that, at the June 7, 2000, hearing on the Motion for Sanctions, the trial court indicated that appellant could have filed her Motion for Summary Judgment earlier[2]. If appellant had done so, the remaining $1,250.00 in attorney fees sought by appellant would not have been incurred[3]. For such reason, we decline to award such attorney fees to appellant.
Based on the foregoing, we find that the trial court's decision to award appellant only $750.00 in attorney fees was unreasonable. Based upon our review of the record, we find that $1,825.00 is the amount of attorney fees "reasonably incurred" by appellant in this matter.
Appellant's sole assignment of error is, therefore, sustained.
The judgment of the Knox County Court of Common Pleas is vacated. Judgment is entered in favor of appellant and against appellee Bradley P. Koffel in the amount of $1,825.00.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is vacated. Judgment is entered in favor of appellant and against appellee Bradley P. Koffel in the amount of $1,825.00. Costs to appellee.
 __________________________ Edwards, P.J.
Gwin, J. and Farmer, J. concurs.
[1] The following is a breakdown of such costs:
Motion for Sanctions $250.00
Read Evaluate Response 75.00
Reply 50.00
Preparation for hearing 150.00
[on Motion for Sanctions]
 Round trip to Mount Vernon for hearing 400.00
 Hearing cost (est.) 500.00
$1,425.00
[2] While the Complaint in this matter was filed September 18, 1998, appellant did not file her Motion for Summary Judgment until October 1, 1999, over a year later.
[3] The remaining $1,250.00 can be broken down as follows:
Pretrial Statement (for October 25, 1999, pretrial) $300.00
Read and evaluate plaintiff's responses 125.00
Round trip to Mount Vernon for pretrial 400.00
Pretrial conference attendance 250.00
Deposition after pretrial 100.00
 Miscellaneous letters 75.00
$1,250.00